## Commonwealth v. Sacks

*Victor J. Roberts*, for Commonwealth.
*Lloyd H. Wood*, for defendant.

KNIGHT, P. J., March 15, 1940.—Defendant was convicted before a justice of the peace of violating section 701 of article VII of The Game Law of June 3, 1937, P. L. 1225, by having in his possession a live raccoon without a permit as required by the terms of the act. Defendant appealed to this court, where a full hearing was held.

There is little or no dispute as to the facts. Defendant has a general store and the post office at Cedars, in this county.

About 4 p.m., January 26, 1940, defendant was informed by his father and little brother that some dogs "were after a raccoon in back of the barn and apparently it was injured and they asked me what to do with the raccoon. . . ." Defendant told them to put the animal in a box or barrel and it was placed in a metal barrel upon some hay. Later defendant saw the raccoon, and noticed that it was injured. That evening he called a justice of the peace on the telephone, and told him he had the injured raccoon and asked him how he could get a permit to keep the animal. The justice advised him to get in touch with a deputy game warden. On Monday morning, January 29th, defendant did see a deputy game warden, and was told he could not get a permit to keep the raccoon, and that he should turn the animal loose. This defendant tried to do, by dumping the barrel, but the raccoon could not walk, and only went a few feet, and then returned to the barrel.

Defendant then called another deputy game warden, who came that night with a game protector, Mr. Gerhart, and defendant was placed under arrest. The raccoon was taken by the game protector to an agent of the Montgomery County Society for the Prevention of Cruelty to Animals, and then to a veterinarian, who put it to death as a humane act.

The act of assembly makes it unlawful to have possession of game, either living or dead, not lawfully taken during the open season. An exception is made in the case of live raccoons, providing the animal is lawfully taken during the open season, and a permit to keep it is obtained, which permit must be applied for within five days after the close of the open season.

The open season for raccoons closed on December 31, 1939. Defendant had possession of the raccoon from

the evening of January 26th, to the evening of January 29th. He had no permit to keep the animal, and he could not show that it was lawfully taken during the open season.

Under the circumstances here present, was his possession a violation of the law? It is obvious that defendant had no intention of violating the law. He sought advice from the justice of the peace and the deputy game warden, as to what he should do, and followed that advice in good faith.

If the raccoon had been uninjured, it well might be that defendant would be guilty of a technical violation of the law. This poor animal, however, was badly hurt; its front paws were crushed, some of its toes were cut or broken off, and the flesh scraped from the bones of the others. It could not escape its enemies by climbing a tree, nor could it defend itself in a fight. Defendant saved the injured animal from being torn to pieces by the dogs; he tried to make it comfortable and fed it. To have turned it loose in its crippled condition would have been a cruel act. True, he wanted to keep it, but he immediately sought advice to ascertain how he could get a permit.

We are of the opinion that the act of assembly above cited was never intended to apply to a situation such as this. We are convinced that the legislature never contemplated that a citizen should be penalized for performing, in good faith, a humane act for a dumb brute.

The law should be administered and construed with common sense. Our people are unanimous in desiring to see the game laws enforced, but if they are enforced in a harsh, unreasonable, and oppressive manner, it will do more harm than good to the causes we all so ardently want to see advanced, namely, true sportsmanship and the protection of the wild life of Pennsylvania.

And now, March 15, 1940, defendant is found not guilty of a violation of section 701 of article VII of The Game Law of June 3, 1937, P. L. 1225.